IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>CYPRAIN OGBA UKUDI | First Superseding Criminal Action No.<br><br>1:19-CR-482-LMM-RDC |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE
UNDER FEDERAL RULE OF EVIDENCE 404(b)**

The Government intends to introduce evidence at trial that is relevant direct evidence of the scheme to defraud and is admissible pursuant to Federal Rule of Evidence 401 because it is part of the same scheme or series of transactions and uses the same modus operandi as the charged offenses. *See United States v. Ford*, 784 F.3d 1386, 1394 (11th Cir. 2015). But if the evidence is not otherwise admissible, its admission will be sought under Rule 404(b) and the government reserves the right to present said evidence during its case-in chief, in cross-examination, and in rebuttal.

Defendant Ukudi is accused of committing wire fraud and aggravated identity theft between November 2018 and June 2019, when he and others unknown to the Grand Jury used fraudulently-obtained Capital One credit cards to make fraudulent purchases at Ukudi's business Moreland Motorsports. (Doc. 32). The indictment includes 5-counts of wire fraud related to five Square transactions processed using the fraudulently-obtained Capital One credit cards

and 4-counts of aggravated identity theft related to the use of the cardholders' identities. All of the transactions alleged in the indictment were completed using Square, a credit card processor.

At trial, the United States will also seek to admit evidence of additional fraudulently-obtained Capital One credit cards that were obtained during the same time period and in the same manner as the cards involved in the charged counts and used during the same time period to process additional credit card transactions at Moreland Motorsports. These additional transactions were processed through Square and other credit card processors.

Federal Rule of Evidence 404(b), which governs the admissibility at trial of evidence of other crimes, wrongs, or acts, provides that:

> Evidence of a crime, wrong, or other act . . . . may be admissible for . . . proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident.

Here, the Government submits that the evidence of additional transactions completed using fraudulently obtained Capital One cards at Moreland Motorsports is admissible under Fed. R. Evid. 404(b) because it shows opportunity, intent, knowledge, and absence of mistake or lack of accident.

Respectfully submitted,

KURT R. ERSKINE
   *Acting United States Attorney*

/s/DIANE C. SCHULMAN
   *Special Assistant United States Attorney*
Georgia Bar No. 497764
Diane.schulman@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

        Paul Kish

July 6, 2021

        /s/ DIANE C. SCHULMAN
        DIANE C. SCHULMAN
        *Special Assistant United States Attorney*